HORTON, Judge.
This appeal is from a final decree that held unconstitutional and void an order of the Barbers’ Sanitary Commission and an amendment thereto relating to the working hours of barbers.
The issue involved in this appeal may best be stated, we think, by quoting the opinion and decree from which this appeal was taken:
“The above cause came on for trial before the Court on the 21st day of November, A.D. 1960, upon the issues made by the complaint and the answer of the defendants thereto. The Court having taken into consideration the testimony and evidence offered at the trial, as well as the facts charged in the complaint and admitted in the answer, finds as follows:
“(1) The Order of the BARBERS’ SANITARY COMMISSION, entered on the 23rd day of September, 1959, and the Amendment thereto, effective on the first day of January, 1960, copies of which are attached to the complaint in this cause, wherein it was Ordered, Adjudged and Decreed that no licensed and registered barber, holding a certificate to practice barbering in the State of Florida, might work at the barbering trade or profession in excess of Nine and One-half (9j/¿) hours, including therein a lunch period, within a Twenty-four (24) hour period of any given day, are unconstitutional and void.
“(2) Said Order of said BARBERS’ SANITARY COMMISSION, as amended, has no relation to the health, safety, or welfare of the barbers or the public, is an unreasonable deterrent to the Plaintiffs in the practice of their trade, is an unreasonable exercise of police power, and constitutes an unreasonable restriction on the right of barbers to engage in a lawful business and to make an honorable living, thereby depriving Plaintiffs of their rights under Section 1, of the Declaration of Rights of the Constitution of Florida, and depriving them of their property without due process of law in violation of Section 12 of the Declaration of Rights of the Florida Constitution [F.S.A.]
“(3) Said BARBERS’ SANITARY COMMISSION, in entering said Order as amended, has acted without authority of law, there being no lawful authority, statutory or otherwise, empowering them to enter such an Order; It is, therefore,
“ORDERED, ADJUDGED AND DECREED that the Defendants be, *95 and they are hereby enjoined and restrained from enforcing or attempting to enforce the said Order as amended, or from interfering with the Plaintiffs in the practice of their trade as barbers by means of any claim or pretense that said Order, as amended, is a valid or effective Order.”
Able briefs were filed on behalf of the parties to this appeal and we have carefully considered the record, but fail to find that any reversible error has been made to appear. Therefore, the judgment appealed is affirmed.
Affirmed.